IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:09-cv-00592-REB-BNB

BRIAN SMITH,

    Plaintiff,

v.

SCHUFF STEEL MANAGEMENT COMPANY-COLORADO LLC, d.b.a SCHUFF STEEL COMPANY,

    Defendant.

_____

### PROTECTIVE ORDER
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests ~~and shall include but not be limited to any document, file, portion of files, transcribed testimony, data maintained and transmitted through electronic communications systems including telephonic lines, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided for herein as containing:~~

~~(a) Plaintiff's medical records;~~

~~(b) Plaintiff's personal data, including but not limited to financial information~~

~~(c) Plaintiff's tax returns;~~

~~(d) Plaintiff's personnel file:~~

~~(e) Defendant's trade secrets, intellectual property, proprietary data, inventions, financial information, personnel data and related information, salary data, benefits information, internal investigation data, human resources data, data created in anticipation of litigation, training manuals and materials, policies or practices related to Defendant's business, personnel or other matters, computer databases, computer programs, software and other technology, data relating to matters as existing or contemplated in information developed specifically for use in Defendant's business, or any other information in which Defendant, the Plaintiff or another other party may maintain a privacy interest, including protected health information as defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 45 C.F.R. § 160.103.~~

4.   CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)   Attorneys working on this case;

(b)   Persons regularly employed or associated with the attorneys who are handling this action, and who are asked by said attorneys for assistance in their preparation of this action for purposes of prosecution or defense of this action at any and all phases of litigation or appeal;

(c)   The Parties and Corporate Representatives of SSMC who have a need to know in connection with this case;

(d)   Expert witnesses and consultants retained by either Party in connection with this action, to the extent such disclosure is necessary for preparation, trial or other proceedings of this action;

(e)   The Court and its employees ("Court Personnel");

(f)   Stenographic or videographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)   Deponents, witnesses, or potential witnesses; and

(h)   Other persons by written agreement of the Parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. If a third party, another court or an administrative or other governmental agency subpoenas or Orders the production of material designated as "Confidential Information" pursuant to this Stipulated Protective Order and that the Party has obtained under the terms of this Order, the Party in receipt of said Order or subpoena shall promptly notify the designating Party, in writing, of their receipt of the same.

10. If a Party inadvertently discloses Confidential Information that does not bear the requisite identifying "Confidential" designation, that Party may thereafter appropriately designate such material as "Confidential" by providing written notice to all legal counsel of record in this action.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. At the conclusion of this case, the parties shall destroy all CONFIDENTIAL documents.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED June 16, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge
